EXHIBIT C

KAMALA D. HARRIS
Attorney General of California
BARBARA J. SEIDMAN
Supervising Deputy Attorney General
SHANNA THOMAS
Deputy Attorney General
State Bar No. 229249
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5318
 Fax: (916) 324-5567
 E-mail: Shanna.Thomas@doj.ca.gov
*Attorneys for Defendants
California Department of Corrections and
Rehabilitation*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO

JUN 08 2011

BY_____
              DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| SOLOMON T. STANLEY, an individual<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and DOES 1 through,<br><br>            Defendants. | Case No. 10CECG04487<br><br>**ANSWER TO COMPLAINT**<br><br>Action Filed: December 28, 2010 |

Defendant the California Department of Corrections and Rehabilitation ("Defendant") answers the unverified Complaint ("Complaint") of Plaintiff, Soloman Stanley ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant denies generally and specifically each and every allegation contained in the Complaint. Defendant further denies generally and specifically that Plaintiff has been damaged in any sum, or at all, by any act or omission on the part of defendant or its agents, representatives, and employees.

1

## ADDITIONAL DEFENSES

Defendant asserts the following separate defenses to plaintiff's Complaint. Because the Complaint is stated in conclusory terms and is uncertain, vague and ambiguous, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert all additional defenses if, and to the extent that, Defendant becomes aware that such additional defenses are applicable.

### FIRST DEFENSE:

The Complaint, and each cause of action asserted therein, fails to state facts sufficient to constitute a cause of action.

### SECOND DEFENSE:

The Complaint, and each cause of action contained therein, is barred by the statute of limitations, including but not limited to, the provisions of Government Code sections 911.2, 12960, 12965, and 19630.

### THIRD DEFENSE:

The Complaint, in whole or in part, is barred by the doctrines of estoppel, laches, waiver and/or unclean hands.

### FOURTH DEFENSE:

The Complaint, and each cause of action contained therein, is barred and this Court is without jurisdiction as plaintiff has failed to exhaust his administrative and judicial remedies. To the extent that plaintiff makes allegations or claims which are not the subject of a timely Complaint filed on behalf of plaintiff with the California Department of Fair Employment and Housing as required by Government Code section 12900, et seq., the court lacks jurisdiction with respect to any such allegations or claims.

### FIFTH DEFENSE:

The Complaint, and each cause of action contained therein, is barred by the doctrine of *res judicata*.

///

///

### SIXTH DEFENSE:

The Complaint, and each cause of action contained therein, is barred by the doctrine of collateral estoppel.

### SEVENTH DEFENSE:

The Complaint, and each cause of action contained therein, is barred by reason of after acquired evidence.

### EIGHTH DEFENSE:

The Complaint is barred in whole or in part by the provisions of the California Workers' Compensation Act, which provides adequate remedies for the Plaintiff's alleged injuries resulting from his employment.

### NINTH DEFENSE:

The Complaint, and each cause of action contained therein claiming harassment and discrimination are barred in that Plaintiff was not subjected to alleged conduct of the answering Defendant because of his affiliation or membership with a protected class.

### TENTH DEFENSE:

At all times relevant to the Complaint, the answering Defendant was responsible for and did maintain training, policies, and procedures prohibiting discrimination and harassment in the workplace in conformance with applicable law, and the Plaintiff failed to make adequate use of these policies and procedures. Plaintiff's failure to utilize these policies and procedures acts as an implicit and/or explicit waiver, estoppel, and bar to this action. (*Faragher v. City of Boca Raton*, (1998) 524 U.S. 775, 787 and *Burlington Industries, Inc. v. Ellerth*, (1998) 524 U.S. 742, 761.)

### ELEVENTH DEFENSE:

The Complaint and each remedy requested therein for equitable relief are barred because Plaintiff has an adequate remedy at law and there is no danger of irreparable harm.

### TWELFTH DEFENSE:

The Complaint and each cause of action alleged therein are barred because all alleged actions or omissions of the Defendant were based upon actions within the legitimate scope of its managerial discretion. Defendant's actions, at all relevant times, were taken in good faith, based

on nondiscriminatory reasons, with due care and without malice, as well as pursuant to applicable policies, procedures, regulations, and laws.

### THIRTEENTH DEFENSE:

Defendant claims all of the defenses, rights and immunities afforded by the Fair Employment and Housing Act (FEHA), Government Code section 12940 et seq., and specifically seeks attorney's fees herein as provided by Government Code section 12965.

### FOURTEENTH DEFENSE:

Defendant took reasonable steps and exercised reasonable care to prevent discrimination, harassment, retaliation, and a hostile work environment, if any, from occurring, and promptly corrected wrongful conduct, if any there was.

### FIFTEENTH DEFENSE:

Even assuming Plaintiff was subjected to either harassment, discrimination, retaliation, or an otherwise hostile work environment, the Complaint and each cause of action alleged therein claiming harassment, as against the Defendant, are barred because Defendant did not know, and could not have known, of the existence or continued existence of the alleged conduct.

### SIXTEENTH DEFENSE:

Defendant took reasonable and required action by promptly investigating any and all Complaints by this Plaintiff or others of harassment, discrimination, retaliation, or hostile work environment, and promptly taking effective and immediate corrective and remedial action, when deemed appropriate.

### SEVENTEENTH DEFENSE:

No affirmative relief is warranted because any and all occurrences of which Plaintiff complains were due to reasons other than the existence of a hostile work environment or discrimination on account of race, national origin, religion, or any other impermissible basis.

### EIGHTEENTH DEFENSE:

The Complaint and each cause of action alleged therein claiming retaliation are barred because the Plaintiff did not engage in any protected activity and/or suffer any adverse employment action as a result of engaging in a protected activity.

## NINETEENTH DEFENSE:

Defendant alleges Plaintiff did not have a bona fide religious belief, the practice of which conflicted with an employment requirement.

## TWENTIETH DEFENSE:

Defendant alleges plaintiff failed to engage in an interactive process as required by section 12940 et seq.

## TWENTY-FIRST DEFENSE:

Defendant alleges that Plaintiff could not perform the duties of the position without endangering his health or safety, or the health or safety of others even with reasonable accommodations.

## TWENTY-SECOND DEFENSE:

Defendant alleges that it negotiated with the employee in a good faith and reasonable effort to accommodate plaintiff's religious beliefs.

## TWENTY-THIRD DEFENSE:

Plaintiff's Complaint is barred by the exclusive remedy provisions of the collective bargaining agreement to which Plaintiff is bound.

## TWENTY-FOURTH DEFENSE:

The Complaint and each cause of action therein fails to state a cause of action for failure to accommodate because the requested accommodation would violate the collective bargaining agreement.

## TWENTY-FIFTH DEFENSE:

Defendant alleges that Plaintiff's requested accommodation would constitute an undue hardship.

## TWENTY-SIXTH DEFENSE:

Each and every alleged act and omission of defendant in regards to Plaintiff was made in good faith and within the context of legitimate business needs and judgment.

///

///

Answer to Complaint (10CECG04487)

### TWENTY-SEVENTH DEFENSE:

At all times Defendant acted under legal right or in a good faith belief in the existence of a legal right.

### TWENTY-EIGHTH DEFENSE:

Defendant alleges that at all times relevant hereto, Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of defendant.

### TWENTY-NINTH DEFENSE:

The damages allegedly caused to Plaintiff, if any, were caused by Plaintiff's own breaches, acts, and omissions, and for that reason any recovery against Defendant should be barred.

### THIRTIETH DEFENSE:

The damages alleged in the Complaint, if any, were caused in whole or in part by the conduct of third parties over whom the defendant has no control.

### THIRTY-FIRST DEFENSE:

Defendant is not vicariously liable for any act or omissions of any other person, by way of respondent superior or otherwise.

### THIRTY-SECOND DEFENSE:

Defendant is immune from liability pursuant to sections 815 et seq. of the Government Code, including, but not necessarily limited to, sections 815, 815.2, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.8, and 822.2 of the Government Code. In addition, defendant has complete immunity and/or qualified immunity because its agents, representatives, and employees were acting within the scope of their official capacities and/or discretionary duties.

### THIRTY-THIRD DEFENSE:

Plaintiff, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if indeed there are any, and avoided the consequences of the alleged damages. The resultant damages, if any, complained of were directly and proximately caused by the failure, neglect, and refusal of plaintiff to exercise reasonable diligence and to mitigate the damages alleged. If plaintiff is entitled to any recovery, such

recovery must be reduced by the amount attributable to plaintiff's failure to mitigate damages and avoid the consequences of the alleged harm.

### THIRTY-FOURTH DEFENSE:

In the event plaintiff is entitled to any recovery herein, such recovery is reducible and must be reduced by any amounts received by plaintiff from any collateral source, and defendant is entitled to set off any such amounts against such recovery, and defendant is also entitled to reimbursement pursuant to the provisions of Government Code section 985.

### THIRTY-FIFTH DEFENSE:

Defendant alleges that if any person discriminated against Plaintiff, which Defendant denies, such person acted outside the scope of his or her employment within the meaning of California Government Code section 815.2(a).

### THIRTY-SIXTH DEFENSE:

Defendant alleges that in connection with any duty imposed by law to protect against risk of injury, defendant exercised reasonable and due diligence to discharge such duty.

### THIRTY-SEVENTH DEFENSE:

The Complaint, and each cause of action therein, fails to state facts upon which an award of attorney's fees can be granted.

WHEREFORE, defendant prays as follows:

1. The judgment be entered in favor of Defendant and against Plaintiff on the Complaint as a whole, and that plaintiff take nothing by way of the Complaint;

2. That defendant be awarded the costs, expenses and attorney's fees incurred in this action including, but not limited to, those costs contemplated by Government Code sections 6103 et seq. and 12965; and

3. That the Court grant such additional relief as it deems proper.

| | |
|---|---|
| Dated: June 6, 2011 | Respectfully Submitted, |
| | KAMALA D. HARRIS<br>Attorney General of California<br>BARBARA J. SEIDMAN<br>Supervising Deputy Attorney General |
| | *Shanna Thomas* (signature) |
| | SHANNA THOMAS<br>Deputy Attorney General<br>*Attorneys for Defendants*<br>*California Department of Corrections and Rehabilitation* |

SA2011101453
10710775.doc

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Stanley, Solomon T. v. CDCR, et al.**

No.:   **10CECG04487**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On June 7, 2011, I served the attached **ANSWER TO COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with **Golden State Overnight**, addressed as follows:

Larry H. Shapazian
Tomassian, Pimentel & Shapazian
3419 West Shaw Avenue
Fresno, CA  93711

*Attorneys for Plaintiff*


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 7, 2011, at Sacramento, California.

| K. Sloan | *K. Sloan* |
|---|---|
| Declarant | Signature |

SA2011101453
10711440.doc